IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FISHER CONTROLS INTERNATIONAL,
LLC, formerly know as FISHER
CONTROL INTERNATIONAL, INC.

    Plaintiff

v.

CONECO DE PUERTO RICO, INC.

    Defendant

Civil No. 07-1703 (SEC)

## OPINION and ORDER

Pending before the Court is Bettie Corrine Fulbright's ("Fulbright") Motion to Intervene (Docket #35), and Defendant Coneco de Puerto Rico Inc.'s ("Coneco") opposition thereto (Docket # 37). For the reasons explained below, Fulbright's Motion to Intervene is **DENIED**.

**Factual and Procedural Background**

On August 7, 2007, Plaintiff Fisher Controls International ("Fisher") filed suit for breach of contract against Coneco.[1] Docket # 1. On August 8, 2008, Fulbright filed a motion requesting that this Court allow her intervention in the present case. Docket #35 at 6. According to Fulbright, she is Coneco's largest stockholder, with 41.05 % of Coneco's issued and outstanding stocks, followed by the other two stockholders, Hector Iglesias and Angel Escalona (collectively "Controlling Stockholders") which own 18.95 and 40 % respectively, and 58.95 % collectively. Id. at 1. Fulbright filed suit in the Puerto Rico Superior Court, Carolina Section ("state court") under the Puerto Rico General Corporation Act, P.R. Laws Ann. tit. 14, § 2601 *et seq*, against the Controlling Stockholders. Therein, she alleges that the Controlling Stockholders are exercising illegal control over Coneco, and are denying her access

---

[1] On November 5, 2007, Fisher filed an amended complaint. Docket # 6. On December 10, 2007, Coneco filed an answer to the initial complaint (Docket # 12), and the next day, filed an answer to the amended complaint. Docket # 13.

**CIVIL NO. 07-1703 (SEC)**                                                                                                           **Page 2**

to information about Coneco's corporate affairs, business dealings, accounting, and transactions made by the Controlling Stockholders. Id. at 2. Fulbright further contends that the Controlling Stockholders have not provided her information about the status of the instant case, the upcoming trial, and any settlement negotiations. Id. Based on the foregoing, she seeks injunctive relief in parallel proceedings. Id.

In her motion to intervene in the present case, Fulbright seeks immediate and simultaneous access to all information related to the proceedings before this Court. According to Fulbright, her intervention will benefit Coneco insofar as any ruling by this Court will bear all stockholders's approval, thus, avoiding future litigation among shareholders. In support of her request, Fulbright posits that (1) she has a proprietary interest in the outcome of this case, specifically, as to any ruling affecting Fisher, (2) her interests are not being adequately represented, because the Controlling Stockholders have denied her access to information about the status of the instant case, and (3) that the Controlling Stockholders are illegally exercising control over Coneco. Id. at ¶¶ 4, 12 & 16.

In opposition, Coneco argues that Fulbright is not a party to the agreement between Coneco and Fisher, therefore, she has no proprietary interest in the present case. Docket # 37. They further allege that her rights as a stockholder are before the local courts, as such, they are duly protected. Moreover, Coneco avers that her counsel can access, through the PACER Internet docket system, all information pertaining to the instant suit. They also note that the other stockholders are neither parties nor intevenor's in this case. Docket #37. Finally, Coneco contends that Fulbright's intervention at this stage of the proceedings would unduly delay the case.

Therefore, the issue pending before this Court is whether Fulbright has a right to intervene in this action pursuant to FED. R. CIV. P. 24.

**Standard of Review**

As to intervention of right, Rule 24(a) provides that:

**CIVIL NO. 07-1703 (SEC)**                                                                 Page 3

>[o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The First Circuit has held that, under Rule 24(a)(2), a "putative intervenor must show that (1) it timely moved to intervene; (2) it has an interest relating to the property or transaction that forms the basis of the ongoing suit; (3) the disposition of the action threatens to create a practical impediment to its ability to protect[] its interest; and (4) no existing party adequately represents its interests." Costa v. Marotta, Gund, Budd, & Dzera, LLC, 281 Fed. Appx. 5, 7 (1st Cir. 2008) (citing B.Fernandez & Hnos., Inc. v. Kellogg USA, Inc., 440 F.3d 541, 544-45 (1st Cir. 2006)); Nextel Communications of Mid-Atlantic, Inc. v. Town of Hanson, 311 F. Supp.2d 142, 150 (1st Cir. 2004). In order to prevail, the moving party must meet all four criteria, that is, timeliness, sufficiency of interest, likelihood of impairment, and inadequacy of representation. Costa, 281 Fed. Appx. at 7. When analyzing a Rule 24(a)(2) motion, courts must apply a "holistic, rather than a reductionist, approach,"and keep in mind "a commonsense view of the overall litigation." Public Serv. Co. of New Hampshire v. Patch, 136 F.3d 197, 204 (1st Cir. 1998). Since the particular facts of the case are essential to determine an intervenor's rights, "the very nature of a Rule 24(a)(2) inquiry limits the utility of comparisons between and among published opinions." Id.

**Applicable Law and Analysis**

Upon reviewing the record, this Court finds that there is no controversy as to Fulbright's compliance with the timeliness requirement. See Kellogg USA, 440 F.3d at 545.  Therefore, this Court moves to consider the second prong of Rule 24(a)(2)'s standard, that is, whether Fulbright has "an interest relating to the property or transaction which is the subject of the action." Id. The First Circuit stated that "no bright line of demarcation exists ..., in defining the nature of the 'interest' required by Rule 24 to warrant a party's intervention." Langone, 231 F.R.D. at 118.  Although "the type of interest

**CIVIL NO. 07-1703 (SEC)**                                                                 **Page 4**

sufficient to sustain intervention as of right is not amenable to precise and authoritative definition, a putative intervenor must show at a bare minimum that it has 'a significantly protectable interest.'" Patch, 136 F.3d at 205 (citing Donaldson v. United States, 400 U.S. 517, 531 (1971)). Moreover, "the intervenor's claims must bear a sufficiently close relationship to the dispute between the original litigants." Langone. Flint Ink N. Am. Corp., 231 F.R.D. 114, 118 (D. Mass. 2005). Also, "[t]he interest must be direct, not contingent[, and] the determination of whether an interest is sufficient for Rule 24(a)(2) purposes is colored to some extent by the third factor-whether disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest." Id. This requirement is interpreted broadly. See Daggett v. Comm'n on Gov't Ethics and Election Practices, 172 F.3d 104, 110 (1st Cir. 1999).

Fulbright contends that she has a proprietary interest in this case, because as a Coneco stockholder, the company's assets may be affected by the outcome of the case. Docket # 35 at ¶12. In opposition, Coneco avers that Fulbright lacks said proprietary interest since she is not a party to the contract in controversy, or to the business negotiations between Fisher and Coneco. Docket # 37.

Upon reviewing the record, this Court notes that the controversy between Fisher and Coneco is exclusively as to Coneco's alleged breach of contract. See Docket # 6. Specifically, in the complaint, Fisher argues that Coneco failed to abide by the terms of the last signed agreement between them. Id. at ¶ 2. Moreover, Fisher contends that Coneco failed to fulfill essential obligations to their business relationship. Id. at ¶ 2. In order to end their business relationship with Coneco, without incurring in liability, Fisher moves for a declaratory judgment as to the applicability of several state laws. Id. at p. 18. Fisher also requests that this Court order Coneco (1) to cease and desist from representing, advertising, or promoting itself, in any and all mediums of communications, as an Emerson brand distributor and/or representative, or conducting business as such; and (2) return to Fisher all documents

**CIVIL NO. 07-1703 (SEC)**                                                                 **Page 5**

pertaining to Emerson.[2] Docket # 6 at ¶¶ 50, 56 & 59. Fulbright, and the other stockholders, are not parties to the agreements between Fisher and Coneco, therefore, her alleged interest is, at best, contingent on this Court's decision. Mastercard Int'l, Inc. v. Visa Int'l Serv. Ass'n, 471 F.3d 377, 390 (2nd Cir. 2006) (denying putative intervenor's request because he was not a party to the contractual dispute from which the federal suit arose); Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co., 471 F.3d 1233, 1247 (11th Cir. 2006). Although the interest requirement is interpreted broadly, in order to satisfy the second element of the Rule 24(a)(2) standard, an intervenor's interest has to be direct, and Fulbright's request for intervention fails as to this issue. The fact that the putative intervenor may suffer "practical harm [that may result from disposition of the main action] is irrelevant in the absence of some interest in the main action." Mothersill D.I.S.C. v. Petroleos Mexicanos, S.A., 831 F.2d 59, 63 (5th Cir. 1987). Moreover, the disposition of the instant case will not impair or impede Fulbright's ability to protect her interests insofar as they will be adequately protected through the state courts.

Therefore, this Court concludes that Fulbright's reasons to intervene, that is, the alleged protection of her assets, is not directly related to this suit. Fulbright has not established that she has a direct interest in this litigation pursuant to Rule 24(a)(2), and, as a result, intervention as of right is unwarranted. Considering the above, this Court need not address the second and third prongs of the Rule 24(a)(2) standard. See Walgreen Co. v. de Melecio, 194 F.R.D. 23, 25 (D.P.R. 2000) (finding that "[a]n applicant for intervention as of right must run the table and fulfill all four of these preconditions. The failure to satisfy any one of them dooms intervention.")

Based on the foregoing, Fulbright's motion to intervene (Docket #35) is **DENIED**.

**IT IS SO ORDERED.**

---

[2] In 1992, Fisher became part of the Emerson Process Management Group, a "global supplier of products, services, and solutions that measure, analyze, control, automate, and improve process-related operations in the chemical, oil and gas, pulp and paper, food and beverage, pharmaceutical and other industries." Docket # 6 at ¶ 10.

**CIVIL NO. 07-1703 (SEC)** **Page 6**

San Juan, Puerto Rico, this 20th day of March, 2009.

          *S/Salvador E. Casellas*
          Salvador E. Casellas
          U.S. District Judge